**SUMMONS ISSUED**   **CV 12 3783**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
WINSTON F. SAMPSON on behalf of himself and
all other similarly situated consumers

                          Plaintiff,

        -against-

WOODS OVIATT GILMAN LLP

                         Defendant.
-----------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 3 1 2012 ★
LONG ISLAND OFFICE

GLASSER, J.
POLLAK, M

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Winston F. Sampson seeks redress for the illegal practices of Woods Oviatt Gilman LLP concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt purportedly owed to Household Finance Corporation III.

4. Upon information and belief, Defendant's principal place of business is located in Rochester, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Winston F. Sampson*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about November 28, 2011, Defendant sent a letter and the parties entered into a stipulation to dismiss the pending lawsuit without prejudice.

11. Plaintiff has been consistently represented by counsel, Fagenson & Puglisi, throughout and prior state court litigation concerning the purported underlying debt at issue.

12. On or about May 17, 2012, Defendant sent directly to the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes, the same debt, being the subject matter of the prior dismissed lawsuit.

13. Defendant knew that the Plaintiff was represented by counsel.

14. Defendant's conduct aggravated and harassed the Plaintiff even though the Defendant had prepared a **Stipulation To Discontinue Action Without**

**Prejudice** and dealt with Fagenson & Puglisi before it sent out the said May 17, 2012 Collection letter.

15. Defendant violated 15 U.S.C. § 1692b(6) and 1692c(2) for communicating with consumer when it was known that the consumer was represented by an attorney.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

16. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-15 as if set forth fully in this cause of action.

17. This cause of action is brought on behalf of Plaintiff and the members of a class.

18. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter by Woods Oviatt Gilman LLP, asserting a debt owed to Household Finance Corporation III (a) bearing the Defendant's letterhead in substantially the same form as the letters sent to the plaintiff on or about May 17, 2012 (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered, and (d) the Defendant violated the FDCPA, 15 U.S.C. § 1692b(6) and 1692c(2) for communicating with consumer when it was known that the consumer was represented by an attorney.

19. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on

  the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests.

(F) The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

20. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

21. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

22. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

23. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

24. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 § U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
July 30, 2012

_[signature]_

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_[signature]_

Adam J. Fishbein (AF-9508)

*LAW OFFICES*
**WOODS OVIATT GILMAN LLP**
700 Crossroads Building, 2 State Street
Rochester, New York 14614
1-888-757-7553

May 17, 2012

Winston F. Sampson
3507 Snyder Ave., Floor 2
Brooklyn, NY 11203

RE: Household Finance Corporation III
     Account number: **********4141

This office has been retained by Household Finance Corporation III to collect a debt it claims is owed to it and which originated with Household Finance Corporation III. As of the date of this letter, the debt is for $2,947.56. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

Because court costs could be incurred if our client instructs us to file a lawsuit, the amount actually due may depend on the day you pay and may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will notify you before depositing your check for collection. For more information, please call Sherlonda S. Patterson at 1-888-757-7553 or write to her at the address stated above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this claim or any portion thereof, this office will assume it to be valid. If you notify us in writing within 30 days of receiving this notice that the claim or any portion thereof is disputed, we will obtain evidence verifying the debt against you and mail a copy to you, along with an itemized statement of how your account balance was calculated. If you so request in writing within 30 days of receiving this notice, we will also provide you with the name and address of the original creditor involved in this claim, if different from the creditor named above. If you notify us in writing as provided above, we will cease collection until we provide validation of the debt.

> This communication is from a debt collector. This is an attempt to collect a debt
> and any information obtained will be used for that purpose.

Very truly yours,
WOODS OVIATT GILMAN LLP

*Woods Oviatt Gilman LLP*

Collection Department

20080118

{1539836: }

# Woods Oviatt Gilman LLP

*Attorneys*
700 Crossroads Building
2 State Street
Rochester, New York 14614

Tel: 585.987.2800
Fax: 585.454.3968
www.woodsoviatt.com

November 28, 2011

Concetta Puglisi, Esq.
450 Seventh Suite 3302
New York, NY 10123

    RE:    Household Finance Corporation III vs. Winston F. Sampson
             Index No.: 014380/11

Dear Ms. Puglisi,

    Enclosed herewith please find a Stipulation to Discontinue Action with regard to the above-referenced matter. Please execute same and return in the enclosed pre-paid return envelope.

    Thank you. Please call me at 585-987-2800 x 2016 with any questions.

    Very truly yours,

    WOODS OVIATT GILMAN LLP

    Jessica M. Congdon
    Legal Recovery Department

/jmc
Enclosure

This is a communication from a debt collector.
This is an attempt to collect a debt and any information obtained may be used for that purpose.

{1122275: }

• *The art of representing people* ®

CIVIL COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS          STATE OF NEW YORK

HOUSEHOLD FINANCE CORPORATION III,

                Plaintiff,

vs.

WINSTON F. SAMPSON,

                Defendant.

**STIPULATION TO DISCONTINUE ACTION WITHOUT PREJUDICE**

Index#: 014380/11

**IT IS HEREBY STIPULATED AND AGREED,** by the undersigned, the attorney for Defendant and attorney for Plaintiff, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, the above-entitled action be discontinued without prejudice, without costs to either part as against the other. This stipulation may be filed without further notice with the Clerk of the Court.

DATED: November 28, 2011

By: _____
Concetta Puglisi, Esq.
*Attorney for Defendant*
450 Seventh – Suite 3302
New York, NY 10123

WOODS OVIATT GILMAN LLP

By: _____
Jaime Michelle Andrews, Esq.
*Attorney for Plaintiff*
700 Crossroads Bldg.
2 State Street
Rochester, NY   14614

{1314971: }